UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

---

| | |
|---|---|
| RETSEL CORPORATION, d/b/a Grand Gateway Hotel and d/b/a Cheers Sports Lounge and Casino, CONNIE UHRE, and NICHOLAS UHRE,<br><br>    Plaintiffs,<br><br>vs.<br><br>NDN COLLECTIVE, individually and on behalf of all others similarly situation, SUNNY RED BEAR, individually and on behalf of all others similarly situated, NICK TILSEN, individually and on behalf of all others similarly situated, MARY BOWMAN, individually and on behalf of all others similarly situated, NICK COTTIER, individually and on behalf of all others similarly situated, ALBERTA EAGLE, individually and on behalf of all others similarly situated, BRE JACKSON, individually and on behalf of all others similarly situated, GEORGE BETTELYOUN, individually and on behalf of all others similarly situated, BOOKING HOLDINGS, INC. d/b/a Bookings.com, EXPEDIA, INC. d/b/a Expedia.com, and THE RAPID CITY POLICE DEPARTMENT.,<br><br>    Defendants. | 5:24-CV-05070<br><br>MEMORANDUM ORDER AND OPINION TRANSFERING THE CLAIM AGAINST DEFENDANT EXPEDIA, INC. TO THE UNITED STATES DISTRICT COURT FOR WESTERN DISTRICT OF WASHINGTON |

Pending before the Court is Defendant Expedia's motion to dismiss Expedia, Inc. (hereinafter "Expedia") from the above captioned matter or transfer the claim against Expedia to the United States District Court for the Western District of Washington pursuant to Fed. R. Civ. P. 12(b)(3) and a forum-selection clause, and in the alternative, dismiss the claim against Expedia under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc.

1

27). Plaintiffs have responded (Doc. 41) and Defendant has replied. (Doc. 46). The Court also notes that Plaintiffs filed an amended complaint as of right. (Doc. 23). For the following reasons, Defendant's motion to dismiss or transfer the claims against Expedia, Doc. 27, is granted in part and denied in part.

I.     FACTUAL BACKGROUND

The Court will do a truncated review of the relevant facts because this order and opinion will only address Defendant Expedia's motion to dismiss or transfer pursuant to Rule 12(b)(3) and a forum-selection clause. Although included as part of a larger dispute against the other named-Defendants, Plaintiffs' only claim against Defendant Expedia is one for breach of contract, (Doc. 23), and the only relevant issue before the Court is the enforceability of the forum-selection clause.

Defendant Expedia is an online travel agency that allows patrons to book various travel components including flights, hotel rooms, and rental cars through its website or mobile application. On March 7, 2017, Expedia and Retsel Corp., entered into an agreement (hereinafter "The Contract") in which Expedia agreed to list the Grand Gateway Hotel on their booking website and in return, Expedia would receive a percentage of the room price and hotel fees for rooms booked through the Expedia platform. (Doc. 29-1, The Contract). The Contract contained a forum-selection clause which states:

> Governing Law; Venue. This Contract is governed by and shall be construed in accordance with Washington law without giving effect to any conflict of law principles. Each Party consents to the exclusive jurisdiction of the courts in King County, Washington for all disputes arising out of or relating to this Contract.

(*Id.* at PgID 267).

On March 20, 2022, following a homicide at the Grand Gateway Hotel, Plaintiff Connie Uhre posted on her Facebook page that natives would no longer be allowed to stay at the hotel.

(Doc. 23 PgID 168). Upon learning of Ms. Uhre's post, NDN Collective, a nonprofit Native American civil rights organization, organized a boycott and a series of protests outside of the Grand Gateway Hotel beginning on March 22, 2022. (*Id.*). On March 26, 2022, after learning of these events, Expedia attempted to contact Nick Uhre to obtain more information, but upon receiving no response, Expedia made the decision to temporarily deactivate the Grand Gateway Hotel from its platform. (Docs. 23 PgID 170; 23-6, Expedia Email). Plaintiffs allege that this resulted in a significant decrease in reservations because the Grand Gateway Hotel receives a large part of its business through Expedia. (Doc. 23 PgID 172, 181).

On September 6, 2024, Plaintiffs filed this lawsuit alleging that by failing to properly investigate the allegations and incidents before making the decision to delist the Grand Gateway Hotel, Expedia violated the convent of good faith and fair dealing and prevented Plaintiffs from receiving the benefit of the bargain. (Doc. 23 PgID 181). Defendant Expedia moved to dismiss or transfer under Rule 12(b)(3) of the Federal Rules of Civil Procedure and the forum-selection clause in the Contract, or in the alternative to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure. (Docs. 27; 28; 46). Plaintiffs do not dispute the applicability, meaning, scope, or enforceability of the forum-selection clause in the Contract. Instead, Plaintiffs argue that Defendant has waived the right to assert the forum-selection clause because it improperly categorized its motion as one for improper venue under Rule 12(b)(3) rather than as a motion to transfer pursuant to 28 U.S.C. § 1404(a).

## II.   DISCUSSION

At the outset, the Court pauses to address several procedural issues raised by Defendant's motion. As just stated, Defendant initially moved to dismiss or transfer the claims against Expedia pursuant to Rule 12(b)(3) and the forum-selection clause in the Contract, and in the alternative

3

moved to dismiss based on a failure to state a claim upon which relief can be granted under Rule 12(b)(6). Perhaps realizing that Rule 12(b)(3) is the improper procedural device to enforce a forum-selection clause, *Atlantic Marine Const. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 58-59, 134 S.Ct. 568, 187 L.Ed.2d 487 (2013), Defendant, in its reply brief, stated that its motion to dismiss "is really one based on improper forum and a mandatory, enforceable forum-selection clause.... If the Court does not feel that dismissal is appropriate, then the claims against Expedia must be transferred..." (Doc. 46 PgID 572-73). Still absent from Defendant's brief, however, is which procedural rule permits dismissal pursuant to a forum-selection clause. The only other rule mentioned by Defendant is Rule 12(b)(6), but Defendant does not assert the forum-selection clause in its 12(b)(6) argument. Even if it did, the Eighth Circuit has yet to take a position on whether a 12(b)(6) dismissal based on a forum-selection clause is permissible post *Atlantic Marine*. *See City of Benkelman v. Baseline Eng'g Corp.*, 867 F.3d 875, 881 n.6 (8th Cir. 2017) (noting that under *Atlantic Marine*, a motion to transfer under § 1404(a) or the doctrine of *forum non conveniens*, not to dismiss under Rule 12(b)(6), is the appropriate method to enforce a forum-selection clause); *Agtegre Cooperative v. Sacramento Energy Resources*, LLC, No. 23-03032, 2024 WL 4452958, *4 (D.S.D. Oct. 9, 2024) ("[I]t is still unclear whether a Rule 12(b)(6) motion can enforce a forum-selection clause."); *Nielsen v. Thermo Manufacturing Systems, LLC*, No. 17-471, 2018 WL 1383182, *5 (D. Neb. Mar. 19, 2018) ("Neither [party] addressed whether it is appropriate to enforce a forum-selection clause under Rule 12(b)(6) after *Atlantic Marine*; they simply concluded that the forum-selection clause in this case requires the Court to dismiss [plaintiff's] claims against them...").

Despite Defendant's missteps, however, because the substance of Defendant's motion reveals it to be a 28 U.S.C. § 1404(a) motion to transfer, that is how the Court will construe it. *See*

*Nordgren v. Hennepin County*, 96 F.4th 1075, 1077 (8th Cir. 2024) (quoting *BBCA, Inc. v. United States*, 945 F.2d 1429, 1431-32 (8th Cir. 1992) (When reviewing a motion, "the substance of a motion rather than the form of a motion is controlling."); *Lion Federal Credit Union v. Worldpay, LLC*, No. 23-1001, 2024 WL 1287631, *2 (E.D. Ark. Mar. 26, 2024) (Construing the defendant's motion to dismiss as a motion to transfer pursuant to 28 U.S.C. § 1404(a) when defendant improperly sought to enforce a forum-selection clause pursuant to a 12(b)(3) motion to dismiss.); *Bielema v. Razorback Foundation, Inc.*, No. 20-05104, WL 4906054, *2 (W.D. Ark. Aug. 20, 2020) ("Although [defendant] cites Rule 12(b)(6), because the substance of its motion reveals it to be a *forum non conveniens* motion, that is how the Court will construe it."). And in any event, "[t]here is authority supporting the district court's ability to *sua sponte* transfer a case under § 1404(a)." *Union Elec. Co. v. Energy Ins. Mut. Ltd.*, 689 F.3d 968, 972 (8th Cir. 2012) (citing *I–T–E Circuit Breaker Co. v. Becker*, 343 F.2d 361, 363 (8th Cir. 1965) (per curiam); *Graham Const. Services, Inc. v. Hammer & Steel, Inc.*, No. 4:11–020, 2011 WL 3236083 at *5 (D.N.D. July 27, 2011) (unpublished); 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3844 n. 2 (collecting cases).

The next issue the Court must address is that § 1404(a) only authorizes the transfer of an entire lawsuit, not induvial claims. *Valspar Corp. v. E.I. DuPonte de Nemours and Co.*, 15 F.Supp.3d 928, 932 (D. Minn Apr. 21, 2014) (citing *In re Flight Transp. Corp. Sec. Litig.*, 764 F.2d 515, 516 (8th Cir.1985)). To accomplish what Defendant seeks, therefore, the Court must proceed in two steps. First, it must sever the claim against Expedia under Rule 21 of the Federal Rules of Civil Procedure, creating new civil action against it, and only then may it transfer the severed civil action pursuant to § 1404(a). *Id.* (citing *Toro Co. v. Alsop*, 565 F.2d 998, 1000 (8th Cir. 1977) (per curiam)) (recognizing the propriety of a district court severing claims under Rule 21 and then

transferring them under § 1404(a)). This procedural prerequisite does not affect the legal analysis. *Id.* That is because severance under Rule 21 is a decision in which courts enjoy much discretion, *see, e.g., Reinholdson v. Minnesota*, 346 F.3d 847, 850 (8th Cir. 2003), "and in exercising that discretion, courts typically consider the same general factors elucidating the § 1404(a) analysis." *Valspar Corp.*, 15 F.supp.3d at 932 (citing *Vutek, Inc. v. Leggett & Platt, Inc.*, No. 4:07CV1886, 2008 WL 2483148, at *1 (E.D. Mo. June 17, 2008); *Cestone v. Gen. Cigar Holdings, Inc.*, No. 00-3686, 2002 WL 424654, at *2–3 (S.D.N.Y. Mar. 18, 2002)).

"Accordingly, Rule 21 is essentially irrelevant to the Court's analysis.... [because] [i]f the Court were to conclude the pertinent factors render transfer appropriate under § 1404(a), then severance, too, would be proper." *Valspar Corp.*, 15 F.supp.3d at 932 (citing *Monje v. Spin Master, Inc.*, No. 09–1713, 2013 WL 6498073, at *4 (D. Ariz. Dec. 11, 2013) (noting that in these circumstances, "[s]everance is a necessary precursor to ... transfer, and it is justified by the same reason[s]")); *see also PNC Bank, National Association v. MAC Meetings & Events, LLC Cisco Systems, Inc.*, No. 4:18-1967, 2020 WL 3578574, *110 (E.D. Mo. Jul. 1, 2020) ("If a Court concludes transfer...is appropriate under 28 U.S.C. § 1404(a), then severance under Rule 21 is also proper."). And as explained below, the Court concludes that the relevant factors indeed militate in favor of transfer.

### A. Legal Standard

#### 1. § 1404(a) Transfer Pursuant to a Forum-Selection Clause

In a standard case not involving a forum-selection clause, in considering a § 1404(a) motion a court "must evaluate both the convenience of the parties and various public-interest considerations." *Atlantic Marine*, 571 U.S. at 62. A court would ordinarily weigh the relevant

factors[1] "and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Id.* at 62-63 (citing 28 U.S.C. § 1404(a)). In addition to the *Atlantic Marine* factors, the Eighth Circuit has identified several factors[2] for courts to consider in analyzing motions to transfer while also recognizing that the list is not exhaustive. *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691, 696 (8th Cir. 1997). In sum, courts enjoy "much discretion" when considering a motion to transfer and are to consider "all relevant factors" and make a "case-by-case evaluation of the particular circumstances at hand." *Id.* at 691, 697.

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause," and the Supreme Court has instructed courts to adjust the typical § 1404(a) analysis in three ways, the result of which is that forum-selection clauses should control "unless extraordinary circumstances…clearly disfavor transfer." *See Atlantic Marine*, 571 U.S. at 50-51, 63 (citing *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (KENNEDY, J., concurring)) (Reasoning that "the overarching consideration under §

---

[1] The private interest factors may include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Atlantic Marine*, 571 U.S. at 62 n. 6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) (internal quotation marks omitted). And the public interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* (internal quotation marks omitted). The Court must also give some weight to the plaintiffs' choice of forum. *See Id.* (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S.Ct. 544, 99 L.Ed. 789 (1955)).

[2] The Eighth Circuit categorized the factors into "balance of convenience" and "interest of justice" factors. *Terra Intern., Inc.*, 119 F.3d at 696. The "balance of convenience" factors includes "(1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law." *Id.* And the "interest of justice" factors include "(1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law." *Id.*

1404(a) is whether a transfer would promote 'the interest of justice,'" and because the "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system...[they should be] given controlling weight in all but the most exceptional cases."). First, the plaintiff's choice of forum carries no weight, and as the party violating the forum-selection clause, the plaintiff bears the burden of establishing that a transfer to the preselected forum is clearly unwarranted. *Id.* Second, a court considering a defendant's § 1404(a) motion, "must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.*; *see also Bremen*, 407 U.S. at 17-18 (Explaining that "[w]hatever 'inconvenience' [the parties] would suffer by being forced to litigate in the contractual forum as [they] agreed to do was clearly foreseeable at the time of contracting."). Consequently, courts are only to consider public interest factors, and because "those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Atlantic Marine*, 571 U.S. at 64. Third, when a plaintiff bound by a forum-selection clause violates its contractual obligation by filing suit in a different forum, the transfer "will not carry with it the original venue's choice-of-law rules." *Id.*

Forum-selection clauses are *prima facie* valid and should be enforced unless the resisting party clearly shows that enforcement would be unjust and unreasonable or invalid for reasons such as fraud or overreaching. *Bremen*, 407 U.S. at 15; *see also Servewell Plumbing, LLC v. Federal Ins. Co.*, 439 F.3d 786, 789 (8th Cir. 2006) ("Forum-selection clauses are prima facia valid and are enforced unless they are unjust, unreasonable, or invalid.").[3] The Eighth Circuit recognizes both

---

[3] The Court will apply federal law in determining the enforceability of the forum-selection clause. The Court recognizes that because "the enforceability of a forum-selection clause concerns both the substantive law of contracts and the procedural law of venue," *Servewell Plumbing*, at 789 (citation omitted), there is some disagreement among the circuits over whether state or federal law applies, and the Eighth Circuit has yet to adopt a definitive position on the issue. *See M.B. Restaurants, Inc. v. CKE Restaurants, Inc.*, 183 F.3d 750, 752 n. 4, 753 (8th Cir. 1999); *Rainforest Cafe, Inc. v. EklecCo, LLC*, 340 F.3d 544, 546 (8th Cir. 2003); *Smart*

mandatory and permissive forum-selection clauses, and the vast majority of courts have declined to apply *Atlantic Marine* to permissive forum-selection clauses. *See RELCO Locomotives, Inc. v. AllRail, Inc.*, No. 13–cv–00394, 2014 WL 1047153, at *8 (S.D. Iowa Mar. 5, 2014) ("[T]he Court notes that the forum clause at issue in this case ... is permissive, and not mandatory.... Thus, the Court proceeds with traditional *forum non conveniens* analysis, and not the modified *Atlantic Marine* analysis."); *PNC Bank, N.A. v. Akshar Petrol., Inc.*, No. 3:13–436–J–34, 2014 WL 1230689, at *6 (M.D. Fla. Mar. 25, 2014) (applying *Atlantic Marine* only after deciding that the lawsuit was "governed by valid, mandatory, forum-selection clauses."); *U.S. ex rel. MIDI Servs., LLC v. Fed Ins. Co.*, No. 5:13-2355, 2014 WL 1576975, at *3 (N.D. Ala. Apr. 17, 2014) ("Accordingly, the considerations relevant to altering § 1404(a) analysis [under *Atlantic Marine* ] for mandatory forum-selection clauses would not apply in this case if ... the forum-selection clause is permissive."); *Waste Mgmt. of La., L.L.C. v. Jefferson Parish ex rel. Jefferson Parish Council*, 594 Fed. App'x. 820, 821-22 (5th Cir. 2014) (Noting that the vast majority of courts have refused to apply *Atlantic Marine* to permissive forum-selection clauses).

"Mandatory forum-selection clauses require a case to be brought in an identified venue based on 'specific language indicating the parties' intent to make jurisdiction exclusive." *High Plains Constr., Inc. v. Gay*, 831 F.Supp.2d 1089, 1102 (8th Cir. 2011) (citing *DataCard Corp. v. Softek, Inc.*, 645 F. Supp. 2d 722, 729 (D. Minn. 2007) (quoting *Fla. State Bd. of Admin. v. Law*

---

*Commc'ns Collier Inc. v. Pope Cnty. Sheriff's Off.*, 5 F.4th 895, 897 n.2 (8th Cir. 2021). Here, however, the state and federal standards do not differ. *See O'Neill Farms, Inc. v. Reinert*, 2010 S.D. 25 ¶ 9, 780 N.W.2D 55, 58 (citing to the standard in *Bremen* to determine the enforceability of a forum-selection clause); *Dix v. ICT Group, Inc.*, 160 Wn.2d 826, 834, 161 P.3d 1016 (2007) (citing to the standard in *Bremen* to determine the enforceability of a forum-selection clause). Further, "the parties have not challenged the applicability of federal law to this issue, and they assume that federal law applies." *Union Elec. Co.*, 689 F.3d at 971. The Court will, therefore, apply federal law to determine the enforceability of the forum-selection clause. *See Id.*; *see also Rainforest Cafe*, 340 F.3d at 546 ("Because the parties have not argued that state law would result in a materially different outcome, we indulge their suggestion that we interpret the forum-selection clause under federal law.").

*Eng'g & Envtl. Servs., Inc.*, 262 F.Supp.2d 1004, 1009 (D.Minn.2003))). On the other hand, permissive forum-selection clauses, "constitute nothing more than a consent to jurisdiction and venue in the named forum and do not exclude jurisdiction in any other forum." *Id.* (quoting *Fla. State Bd. of Admin*, 262 F.Supp.2d at 1009). Determining whether a forum-selection clause is mandatory or permissive is a legal issue of contract construction. *Dunne v. Libbra*, 330 F.3d 1062, 1063 (8th Cir. 2003). The Eighth Circuit has determined that words such as "exclusive," "only," and "must" suggest exclusivity. *Id.* at 1064.

### B. Analysis

#### 1. Proper Venue

The Court must begin by determining whether the Western District of South Dakota is a proper venue for this case, without regard to the forum-selection clause. *See* 14D Arthur R. Miller, *Federal Practice & Procedure: Jurisdiction* § 3829 (4th ed. 2020) ("Section 1404(a) applies only if the initial federal forum is a proper venue."). "Where no special venue statute is applicable, the general venue statute, 28 U.S.C. § 1391, applies." *Catholic Order of Foresters v. U.S. Bancorp Piper Jaffray, Inc.*, 337 F. Supp. 2d 1148, 1154 (N.D. Iowa 2004). 28 U.S.C. § 1391(b) provides that:

> [a] civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Plaintiffs argue that venue is proper because all the Defendants are residents of South Dakota and a substantial part of the events giving rise to the claim occurred in

South Dakota. Defendant does not contest this assertion, but the Court agrees with Plaintiffs that venue is proper in this Court, putting aside analysis of the forum-selection clause.

### 2. Motion to Dismiss or Transfer

As briefly discussed above, Plaintiffs are correct that *Atlantic Marine* expressly foreclosed the use of Rule 12(b)(3) as a means to enforce a forum-selection clause. *See* 571 U.S. at 58-59 (Explaining that "Rule 12(b)(3) allow[s] for dismissal only when venue is 'wrong' or 'improper.' Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause."). Therefore, when a suit is filed in violation of a forum-selection clause, yet venue is nevertheless proper under federal venue laws, the appropriate procedural device for parties seeking to enforce the forum-selection clause is § 1404(a). *See Id.* at 59-60. Accordingly, Defendant's motion to dismiss pursuant to Rule 12(b)(3) is denied as venue in this Court is proper.

Plaintiffs further argue that Defendant's mistake constitutes waiver of its right to assert the forum-selection clause, however, the cases Plaintiffs cite in support of their argument are largely inapplicable and stretch the reasoning as well as the holdings. Plaintiffs cite to *Hoffman v. Blaski*, for the general proposition that a defendant can waive venue "by failing to seasonably assert it." 363 U.S. 335, 343, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). While this is true, Defendant's assertion of the forum selection clause was certainly timely. Plaintiffs' first amended complaint was filed on February 17, 2025, and on March 3, 2025, Expedia, in its first responsive pleading to Plaintiffs' amended complaint, filed this motion to dismiss or transfer asserting the forum-selection clause. Even though Defendant improperly labeled its motion as one for improper venue under 12(b)(3), it does not follow that the assertion of the forum-selection clause was untimely.

Plaintiffs next cite to *City of Benkelman*, arguing that the Eighth Circuit made clear that using Rule 12(b)(1) to enforce an arbitration agreement is improper and may constitute waiver and that the same logic applies to using Rule 12(b)(3) to enforce a forum-selection clause. 867 F.3d at 881. Plaintiffs are mistaken. In *City of Benkelman*, the Court of Appeals for the Eighth Circuit reversed and remanded the district court's dismissal pursuant to Rule 12(b)(1) based on an arbitration clause concluding that the district court should have analyzed defendant's motion under Rule 12(b)(6) (failure to state a claim) or Rule 56 (summary judgment). *Id.* at 879-80, 883. The court, relying on *Atlantic Marine*, reasoned that "[j]ust as a forum-selection clause has no bearing on the issue of whether venue is 'wrong' or 'improper,' an arbitration agreement has no relevance to the question of whether a given case satisfies constitutional or statutory definitions of jurisdiction." *Id.* at 880-81. The Eighth Circuit did not conclude, however, that the defendant's improper assertion of the arbitration clause under Rule 12(b)(1) constituted waiver. In fact, the word "waiver" was not mentioned once in the entire opinion. It simply held that the district court analyzed the motion under the incorrect standard and remanded for further consideration of the motion under the correct one. *Id.* at 882.

*Auto Mechanics v. Vanguard*, although closer to the mark, is an out of Circuit case and is distinguishable from the case at hand. *Auto. Mechanics Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740 (7th Cir. 2007). In *Auto Mechanics*, the Seventh Circuit reversed the district court's *sua sponte* dismissal pursuant to an arbitration agreement. *Id.* at 750. First, the court stated that, as a general matter, *sua sponte* dismissals are disfavored especially without any briefing from the parties on the issue. *See id.* at 745. Further, the agreement to arbitrate was not applicable to the plaintiff, and even if it was, the defendant waived the right to arbitrate when, in its answer, it did not deny plaintiffs' assertion that venue was proper, nor did it

raise any issue of venue or arbitration in its motion for summary judgment. *See id.* at 747 (Construing an implicit waiver of arbitration because defendant's "response to the complaint…did not deny plaintiffs' allegation that venue was proper…[and] [defendant's] motion for summary judgment…said nothing about venue or arbitration.").

The Court agrees with Plaintiffs that a forum-selection clause is a waivable contractual right, however, no waiver occurred here. Defendant seasonably asserted the forum-selection clause in its first responsive pleading to Plaintiffs' amended complaint, and although Defendant affixed its motion with the incorrect label, the analysis performed, and case law cited demonstrates that its motion is really one for transfer pursuant to § 1404(a). Accordingly, the Court finds that Defendant's mistaken nomenclature does not constitute waiver of its right to assert the forum-selection clause. Now that the Court has established that no waiver occurred, it will address whether transfer under § 1404(a) is appropriate.

Here, the Contract between Plaintiffs and Defendant was negotiated at arm's length by two sophisticated businesses. Under *Bremen* and *Servewell*, the Court must presume the forum-selection clause is valid and must enforce it unless the resisting party can prove otherwise. As referenced above, Plaintiffs do not attempt to argue that enforcement of the forum-selection clause would be "unjust and unreasonable," nor that it was the product of "fraud or overreaching." Thus, the Court finds Plaintiffs, as the resisting parties, have not met their burden and that the forum-section clause is valid and enforceable.

In the instant case, the forum-selection clause can be found in section 12 of the Contract and provides that:

> Governing Law; Venue. This Contract is governed by and shall be construed in accordance with Washington law without giving effect to any conflict of law principles. Each Party consents to the exclusive jurisdiction of the courts in

> King County, Washington for all disputes arising out of or relating to this Contract.

(Doc. 29-1 PgID 267, The Contract). The above language is clear and expresses the parties' intent to make jurisdiction "exclusive" in King County, Washington "for all disputes arising out of or relating to this contract." (*Id.*). Further, there can be no doubt that the current action arises out of the Contract. The only claim against Defendant Expedia is one alleging that Defendant breached the Contract when it deactivated Plaintiffs from its booking platform. (Doc. 23 PgID 181-82). Again, Plaintiffs do not attempt to dispute otherwise. Accordingly, the Court finds that the forum-selection clause is mandatory and applicable to the current cause of action.

Because the forum-selection clause is mandatory, the Court will apply the altered § 1404(a) analysis articulated in *Atlantic Marine*. As the Supreme Court emphasized, when a defendant invokes a valid forum-selection clause, "a district court should transfer the case unless extraordinary circumstances…clearly disfavor a transfer." *Atlantic Marine*, 134 S.Ct. at 575. In the Court's view, no "extraordinary circumstances" that "clearly disfavor transfer" are present here. Plaintiffs, as the parties who violated the forum-selection clause by suing Expedia in this Court, "bear[] the burden of showing that the public-interest factors overwhelmingly disfavor transfer." 571 U.S. at 63-64. The public interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 62 n.6.

Once again, Plaintiffs make no effort to show why transfer would be disfavored here. In any event, there is nothing in the record which suggests a transfer of this case would cause administrative difficulties. Further, while the dispute between Plaintiffs and the other named Defendants is certainly a localized controversy that should be decided at home, the claim against

Expedia has little to no local ties. The sole claim against Expedia is a contractual dispute between two corporations, and although a small portion of the facts and allegations against the other Defendants overlap with the claim against Expedia, it can hardly be said to be a "localized controversy." The heart of the matter between Plaintiffs and Expedia is largely independent from the underlying dispute and is controlled by the Contract. Finally, the last factor is inapplicable because under *Atlantic Marine*, a transfer "will not carry with it the original venue's choice-of-law rules," and the Contract expressly states that Washington law governs. *Id.* at 64; (Doc. 29-1 PgID 267, The Contract). The Court finds that Plaintiffs have failed to demonstrate "extraordinary circumstances" that "clearly disfavor transfer." Accordingly, Defendant's motion to transfer is granted.

### 3. Motion to Dismiss Under Rule 12(b)(6)

Because the Court finds that transfer of this case to Washington is appropriate, the Court declines to address the merits of Expedia's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

### III. CONCLUSION

For the reasons stated above, it is hereby ORDERED:

1. That Plaintiff's claim against Defendant Expedia is SEVERED pursuant to Federal Rule of Civil Procedure 21. The Clerk of the Court is directed to establish a new docket number for the resulting case, to docket this Order as the first entry in the newly created case, and to attach all documents filed in this case up to the date of this Order to that first docket entry. The Plaintiffs in the newly created case are RETSEL CORPORATION, d/b/a Grand Gateway Hotel and d/b/a Cheers Sports Lounge and Casino, CONNIE UHRE, and NICHOLAS UHRE. The sole Defendant in the newly created case is EXPEDIA, INC. d/b/a Expedia.com; and

2. That Defendant Expedia's Motion to Dismiss or Transfer pursuant to 12(b)(3) and a forum-selection clause, or in the alternative, to Dismiss pursuant to 12(b)(6) (Doc. 27) is GRANTED IN PART and DENIED IN PART, and the newly created case is TRANSFERRED to the United States District Court for the Western District of

Washington. The Clerk of the Court is directed to take all steps necessary to effectuate this transfer in an expeditious fashion.

DATED this 13th day of May, 2025.

BY THE COURT:

*[signature]*

LAWRENCE L. PIERSOL
United States District Judge