UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| RETSEL CORPORATION, d/b/a Grand Gateway Hotel and d/b/a Cheers Sports Lounge and Casino, CONNIE UHRE, and NICHOLAS UHRE,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>NDN COLLECTIVE, individually and on behalf of all others similarly situation, SUNNY RED BEAR, individually and on behalf of all others similarly situated, NICK TILSEN, individually and on behalf of all others similarly situated, MARY BOWMAN, individually and on behalf of all others similarly situated, NICK COTTIER, individually and on behalf of all others similarly situated, ALBERTA EAGLE, individually and on behalf of all others similarly situated, BRE JACKSON, individually and on behalf of all others similarly situated, GEORGE BETTELYOUN, individually and on behalf of all others similarly situated, BOOKING HOLDINGS, INC. d/b/a Bookings.com, and THE RAPID CITY POLICE DEPARTMENT.,<br><br>　　　　Defendants. | 5:24-CV-05070-LLP<br><br>NOTICE OF RULE 4(M) |

On September 6, 2024, Plaintiffs filed a complaint against the above-named Defendants. (Doc. 1). On September 7, 2024, Retsel Corp. filed a Chapter 11 Bankruptcy, and even though the bankruptcy filing only stayed the action with regard to Retsel, the Court determined the best course of action was to stay the entire case until the Bankruptcy Stay was removed. (Doc. 4). On November 26, 2024, the Bankruptcy Court granted Retsel's motion to dismiss its bankruptcy petition, lifting the Bankruptcy Stay. (Doc. 104, *In re Retsel Corporation*, Case No. 24-50081

(Bankr. D.S.D. Nov. 26, 2024)). At this time, Plaintiffs have not provided proof of service of the complaint upon Defendant Booking Holdings, Inc.

Federal Rule of Civil Procedure 4(m) states in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Plaintiffs are on notice of this Court's intention to dismiss their respective claims against Booking Holdings, Inc. without prejudice if they do not provide proof of service upon Booking Holdings, Inc. by **June 20, 2025**. If Plaintiffs fail to do so, the claims against Booking Holdings, Inc. will be dismissed without prejudice pursuant to Rule 4(m), unless Plaintiffs can show good cause for their failure to serve Bookings Holdings, Inc.

Accordingly, it is

ORDERED that Plaintiffs will make proper service of the summons and complaint upon Defendant Booking Holdings, Inc. by **June 20, 2025**, or the claims against the unserved Defendant will be dismissed without prejudice pursuant to Rule 4(m), unless Plaintiffs can show good cause for their failure to serve Booking Holdings, Inc.

DATED this 20th day of May, 2025.

BY THE COURT:

/s/ Lawrence L. Piersol
LAWRENCE L. PIERSOL
United States District Judge